IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN S. EDWARDS,

      Plaintiff,

v.                                                        No. 1:25-cv-00517-DLM[1]

CITY OF ALBUQUERQUE,
JUSTIN ROBBS and
SECOND JUDICIAL DISTRICT COURT,

      Defendants.

## ORDER TO SHOW CAUSE

This case arises from "a robbery that occurred on December 11, 2020, in the City of Albuquerque . . . at the Tru by Hilton Hotel" and from events during subsequent proceedings in the Second Judicial District Court. (Doc. 1 at 5–7.) Plaintiff alleges that the City of Albuquerque Police did not respond for over two hours; that Defendant Robbs, who represented the Hotel in the state court proceedings, hid or destroyed video evidence of the robbery; and that the Second Judicial District Court "depraved [sic] the plaintiff the most important element {VIDEO EVIDENCE} dismissed with prejudice was a big mistake." (*Id.* at 1, 3, 5, 7 (emphasis in original).)

Plaintiff asserts civil rights claims pursuant to 42 U.S.C. § 1983, claims pursuant to 18 U.S.C. § 1510 (obstruction of criminal investigations), 18 U.S.C. § 1511 (obstruction of State or local law enforcement), and state law claims. (*See id.* at 1.) Plaintiff asserts the Court has diversity jurisdiction over this case. (*See id.* at 4.)

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915, which allows the Court to authorize commencement of a case without prepayment of the filing fee. (*See* Doc. 2.) Plaintiff has paid the filing fee. (*See* Doc. 3.) The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Sec. & Exchange Comm'n v. Mgmt. Sols., Inc.*, 824 F. App'x 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891–92 (2016)).

The Court has identified the following deficiencies in the Complaint and orders Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See Lowrey v. Sandoval Cnty. Children Youth & Families Dep't,* No. 23-2035, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023) (stating that, "[g]iven a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)). Many of the allegations in the Complaint are vague and conclusory. If he chooses to file an amended complaint, Plaintiff must clearly describe what *each* Defendant did to Plaintiff, and when *each* Defendant acted, and what specific legal right Plaintiff believes *each* Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ct.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

**Second Judicial District Court**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388, at *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988)).

The Complaint does not show that the Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 1983 against the Second Judicial District Court, which is an arm of the

State of New Mexico. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in his complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case. "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. N.M. Taxation & Revenue Dep'ts Motor Vehicle Div.*, 179 F. App'x 445, 446 (10th Cir. 2006).

### *Younger* **Abstention and** *Rooker-Feldman*

It also appears the Court may lack jurisdiction over this case pursuant to the *Younger* abstention and/or the *Rooker-Feldman* doctrines due to the proceedings in state court.

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state . . . civil . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the

> state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted).

The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. Mo's Express, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 F. App'x 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

Plaintiff's response to this Order must identify each state court case involving the facts of this case, including case number, and must indicate whether each proceeding is ongoing.

**<u>Statute of Limitations</u>**

It appears that some of Plaintiff's claims pursuant to 42 U.S.C. § 1983 may be barred by the statute of limitations, because they occurred beginning in 2020. For example, Plaintiff alleges the City of Albuquerque Police took two hours to respond to a robbery that occurred over three years ago. *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New

Mexico's statute of limitations for personal-injury claims"). The amended complaint must clearly describe when each of the events giving rise to each of Plaintiff's claims occurred.

**City of Albuquerque**

The Complaint fails to state a claim under 42 U.S.C. § 1983 against Defendant City of Albuquerque. "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes Cnty.*, 595 F. App'x 748, 753–54 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir. 1998); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). "A 'single isolated incident' does not prove the existence of an unconstitutional policy or custom." *Id.* (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 821 (1985)). The Complaint does not contain allegations identifying constitutional violations by City of Albuquerque Police or describing a City of Albuquerque policy or custom that was the moving force behind any constitutional deprivations.

**Justin Robbs**

It appears the Complaint fails to state a claim pursuant to 42 US.C. § 1983 against Defendant Robbs, the private attorney who represented the Hotel in the state court proceedings. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *DiCesare v. McAnally*, 657 F. App'x 800, 802 (10th Cir. 2016) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)).

**18 U.S.C. §§ 1510–1511**

The Complaint fails to state a claim upon which relief can be granted pursuant to 18 U.S.C. § 1510, Obstruction of criminal investigations, and 18 U.S.C. § 1511, Obstruction of State or local law enforcement, because Sections 1510 and 1511 are criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x 414, 415–16 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

**Conspiracy**

The Complaint fails to state a conspiracy claim. To state a claim for civil conspiracy, Plaintiff must allege: "(1) that a conspiracy between two or more individuals existed[,] (2) that specific wrongful acts were carried out by [Defendants] pursuant to the conspiracy[,] and (3) that [Plaintiff was] damaged as a result of such acts." *Cain v. Champion Window Co. of Albuquerque, LLC*, 164 P.3d 90, 98 (N.M. Ct. App. 2007); *see also Santa Fe Techs., Inc. v. Argus Networks, Inc.*, 42 P.3d 1221, 1235 (N.M. Ct. App. 2002) ("Civil conspiracy is an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means"). The Complaint does not allege any facts showing that there was an agreement to accomplish any unlawful purpose. (*See* Doc. 1.) "[A] plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants" because "'[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.'" *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir.1998) (quoting *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994)).

**Fraud**

The Complaint fails to state a fraud claim. Federal Rule of Civil Procedure 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting

fraud or mistake." Rule 9's purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based. . . ." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud , . . . and must set forth the time [and date], place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006).

> The elements of fraud include (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation ... Our case law provides, in the general sense, that a plaintiff alleging fraud may recover "such damages as are the direct and natural consequences" of the reliance on a fraudulent representation.

*Williams v. Stewart*, 112 P.3d 281, 290 (N.M. Ct. App. 2005). The Complaint does not clearly indicate which Defendants Plaintiff is asserting a fraud claim against, which Defendants made a misrepresentation to Plaintiff that Plaintiff relied on, the date, place and content of the misrepresentations and the damages to Plaintiff resulting from his reliance on the fraudulent representations.

**Emotional Duress**

Plaintiff asserts claims for "emotional duress," which the Court construes as asserting a claim of intentional infliction of emotional distress (IIED). The New Mexico Supreme Court has identified the following elements of an IIED claim:

> (1) the conduct in question was extreme and outrageous; (2) the conduct of the defendant was intentional or in reckless disregard of the plaintiff; (3) the plaintiff's mental distress was extreme and severe; and (4) there is a causal connection between the defendant's conduct and the claimant's mental distress.

fraud or mistake." Rule 9's purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based. . . ." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud , . . . and must set forth the time [and date], place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006).

> The elements of fraud include (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation ... Our case law provides, in the general sense, that a plaintiff alleging fraud may recover "such damages as are the direct and natural consequences" of the reliance on a fraudulent representation.

*Williams v. Stewart*, 112 P.3d 281, 290 (N.M. Ct. App. 2005). The Complaint does not clearly indicate which Defendants Plaintiff is asserting a fraud claim against, which Defendants made a misrepresentation to Plaintiff that Plaintiff relied on, the date, place and content of the misrepresentations and the damages to Plaintiff resulting from his reliance on the fraudulent representations.

**Emotional Duress**

Plaintiff asserts claims for "emotional duress," which the Court construes as asserting a claim of intentional infliction of emotional distress (IIED). The New Mexico Supreme Court has identified the following elements of an IIED claim:

> (1) the conduct in question was extreme and outrageous; (2) the conduct of the defendant was intentional or in reckless disregard of the plaintiff; (3) the plaintiff's mental distress was extreme and severe; and (4) there is a causal connection between the defendant's conduct and the claimant's mental distress.

*Baldonado v. El Paso Nat. Gas Co.*, 176 P.3d 286, 294 (N.M. Ct. App. 2008 (quotation omitted). The Complaint does not clearly identify which Defendants Plaintiff is asserting an IIED claim against or identify the conduct supporting such claims. Although "a complaint need not provide 'detailed factual allegations,' it must give just enough factual detail to provide 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Howl v. Alvarado*, 783 F. App'x 815, 817–18 (10th Cir. 2019) (quoting *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018)). If Plaintiff is not asserting claims of IIED, Plaintiff must clearly identify the claims he is asserting for "emotional duress" and provide legal authority for the claims.

### Order to Show Cause

The Court orders Plaintiff to show cause why the Court should not dismiss this case based on the deficiencies identified above and to file an amended complaint. Plaintiff must address each deficiency. The amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain . . . a demand for the relief sought"); Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

### Case Management

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (Oct. 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS THEREFORE ORDERED** that Plaintiff shall, within **21 days** of entry of this Order: (i) show cause why the Court should not dismiss this case; and (ii) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE