IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN S. EDWARDS,

      Plaintiff,

v.                                                       No. 1:25-cv-0517 DLM

CITY OF ALBUQUERQUE,
JUSTIN ROBBS and SECOND
JUDICIAL DISTRICT COURT,

      Defendants.

## ORDER DENYING MOTION FOR DISQUALIFICATION

The Court identified some deficiencies in *pro se* Plaintiff's Complaint and ordered Plaintiff to: (i) show cause why the Court should not dismiss this case for lack of jurisdiction and for failure to state claims; and (ii) file an amended complaint. (*See* Doc. 4.) Plaintiff now seeks disqualification of the undersigned pursuant to 28 U.S.C. § 455(a). (*See* Doc. 5 (the Motion).) Section 455(a) provides:

> (a)     Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a).

Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute "must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017). Section 455(a)'s "[recusal] requirement is intended 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *United States v. Martinez*, 92 F.4th 1213, 1255 (10th Cir. 2024) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)). The Court applies an

objective standard, limiting the inquiry to what a reasonable, person would infer from "outward manifestations" and whether there is "a reasonable *factual* basis" to "call[] the judge's impartiality into question." *See id.* (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)) (subsequent citations omitted). The Court analyzes how the factual basis "would appear to a *well-informed*, thoughtful and objective observer" who is "an average member of the public," not a "hypersensitive, cynical, and suspicious person." *Id.* at 1256 (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)).

The Court has analyzed Plaintiff's motion under the relevant standard and finds it should be denied. Plaintiff has not set forth any factual grounds that would cause a reasonable, objective person, knowing all the relevant facts, to question the undersigned's impartiality. (*See* Doc. 5.) Plaintiff's suggestion that the undersigned entered an improper Order to Show Cause is not sufficient to warrant disqualification. As discussed below, the Court has the authority and duty to enter the Order to Show Cause.

Plaintiff also requests that the undersigned "hold a hearing to further explain how he came up [with] his set of facts so the plaintiff can understand the court[']s real intentions" and to "explain on the record questions the plaintiff has for the court." (*Id.* at 3.) Plaintiff has identified two issues: (i) "If the defense feels the same way [about the deficiencies identified in the Order to Show Cause] let them litigate[.] I thought you were a Judge independent of any defendant's?" [sic]; and (ii) "All actions are within the statu[te] of limitations your order does not indicate why it is not . . . ." (*See id.* at 1.)

The Court denies Plaintiff's request for a hearing. Plaintiff's suggestion that the Court is raising issues that should be left to Defendants is misplaced. "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a

litigant to show cause." *Lowrey v. Sandoval Cnty. Children Youth & Families Dep't*, No. 23-2035, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). Furthermore, "a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Securities & Exchange Comm'n v. Mgmt. Sols, Inc.*, 824 F. App'x 550, 553 (10th Cir. 2020) (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891–92 (2016)).

As to Plaintiff's statement that the undersigned "came up with your own set of facts instead of [Plaintiff's] version with direct knowledge," the Court relied solely on the facts alleged in the Complaint. In addition, the Court did not establish any facts as true; rather, the Court indicated there were insufficient facts to determine whether the Court has jurisdiction over this matter and whether Plaintiff has properly stated claims. (*See* Doc. 4 at 3 (stating "It also *appears* the Court may lack jurisdiction over this case pursuant to the *Younger* abstention and/or the *Rooker-Feldman* doctrines due to the proceedings in state court") (emphasis added).) As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). This Court has an independent duty to determine whether it has jurisdiction. *See Evitt v. Durland*, 243 F.3d 388, at *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988)).

**IT IS ORDERED** that Plaintiff's TITLE 28 U.S.C. § 455 [motion for] reassignment of Magistrate Judge Dami[a]n L. Martinez and ANSWER to this Court[']s premature Order (Doc. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall, no later than **June 25, 2025**, comply with the Order to Show Cause as previously ordered. (*See* Doc. 4.)

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE