IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN S. EDWARDS,

    Plaintiff,

v.                                                                                                  No. 1:25-cv-0517 WJ/DLM

CITY OF ALBUQUERQUE
and JUSTIN ROBBS

    Defendants.

## ORDER

**THIS MATTER** is before the Court on Defendant City of Albuquerque's Motion to Quash Plaintiff Stephen S. Edwards's Subpoena (Doc. 19). Although the City of Albuquerque stated Edwards opposes the motion (*see id.* at 2), Edwards has not filed a response. Under the Local Rules, Edwards's failure "to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). Having considered the motion and the relevant law, the Court grants the City of Albuquerque's motion.

Edwards filed a Complaint on June 2, 2025 against the City of Albuquerque, Justin Robbs, and the County of Bernalillo Second Judicial District Court. (Doc. 1.) A Show Cause Order was entered on June 4, 2025, as to why the Court should not dismiss the case and file an amended complaint. (Doc. 4.) On July 7, 2025, Senior United States District Judge William P. Johnson entered an Order dismissing claims for lack of jurisdiction against the Second Judicial District Court. (Doc. 11.)

On that same day, the City of Albuquerque filed a Motion to Dismiss for failure to state a claim. (Doc. 12.) On July 8, 2025, the undersigned entered an Order finding good cause under Federal Rule of Civil Procedure 16 to delay holding a scheduling conference and entering a

scheduling order. (Doc. 13.) This Order stated that scheduling for the case will occur once the presiding judge resolves the pending dispositive motion.[1] (*Id.*)

On July 10, 2025, Edwards served the City of Albuquerque with a subpoena pursuant to Federal Rule of Civil Procedure 45. (Doc. 19-1.) Edwards requests "ALL City of Albuquerque 911 Emergency Calls for a 24 hour period from December 11, 2020 from 10:00PM to December 12, 2020 10:00PM local." (*Id.*) The City of Albuquerque requests that the Court quash the subpoena. (Doc. 19.)

Pursuant to Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" subject to certain exceptions. *See also Taylor v. Grisham*, No. 1:20-cv-00267-JB-JHR, 2020 WL 3172708, at *1 (D.N.M. June 15, 2020) (citing Fed. R. Civ. P. 26(d)(1)). "Rule 45 subpoenas are discovery devices subject to the Court's scheduling order as well as applicable rules of procedure." *Id.* (citation omitted).

Here, the Court delayed the commencement of discovery and the scheduling conference. (Doc. 13.) Edwards's subpoena was served prior to discovery commencing. Thus, it was contrary to Rule 26(d)(1) because the parties have not conferred under Rule 26(f), the "proceeding is not exempt under Rule 26(a)(1)(B)," and the issuance of the subpoena was not authorized by the federal rules, stipulation, or court order. *Id.*

The Court recognizes that Edwards is proceeding pro se. Edwards, however, must still "follow the same rules of procedure that govern other litigants." *Id.* (quoting *United States v. Green*, 886 F.3d 1300, 1307 (10th Cir. 2018)). Accordingly, the Court grants the City of

---

[1] Defendant Robbs has since filed a Motion to Dismiss. (Doc. 17.) On August 22, 2025, Judge Johnson referred the case to the undersigned to make proposed findings and a recommended disposition. (Doc. 24.)

Albuquerque's Motion to Quash Subpoena.

**IT IS THEREFORE ORDERED** that Defendant City of Albuquerque's Motion to Quash Plaintiff's Subpoena (Doc. 19) is **GRANTED**.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE