**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

STEPHEN S. EDWARDS,

      Plaintiff,

v.                                                                                                  No. 1:25-cv-0517 WJ/DLM

CITY OF ALBUQUERQUE
and JUSTIN ROBBS

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION RECOMMENDING DISMISSAL OF PLAINTIFF'S CLAIMS AGAINST THE CITY OF ALBUQUERQUE AND JUSTIN ROBBS

This case arises from "a robbery that occurred on December 11, 2020, in the City of Albuquerque . . . at the Tru by Hilton Hotel" and from events during subsequent proceedings in the County of Bernalillo Second Judicial District Court. (Doc. 1 at 5–7.) Plaintiff Stephen S. Edwards alleges that the City of Albuquerque Police did not respond for over two hours. In addition, he contends that Defendant Justin Robbs, who represented the Hotel in state court proceedings in the Second Judicial District Court, "depraved [sic] the plaintiff purposely by destroy[ing] Video security evidence." (*Id.* at 1.)

Plaintiff asserts a civil rights claim under 42 U.S.C. § 1983, a claim pursuant to 18 U.S.C. § 1510 (obstruction of criminal investigations), a claim pursuant to 18 U.S.C. § 1511 (obstruction of State or local law enforcement), and state law claims. (*See id.*) Before the Court is Defendant City of Albuquerque's Motion to Dismiss, filed on July 7, 2025. (Doc. 12.) It moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, Defendant Justin Robbs filed a Motion to Dismiss on July 21, 2025. (Doc. 17.) He moves to dismiss for lack of jurisdiction and for failure to state a claim. Senior United States District Judge William P. Johnson referred the

case to the undesigned to make proposed findings and a recommended disposition. (Doc. 24.) After careful review and consideration of the filings, the Court finds that Plaintiff's claims are subject to dismissal for failure to state a claim. Thus, the Court recommends granting both motions and dismissing Plaintiff's claims.

## I. Factual and Procedural Background

Plaintiff alleges that the City of Albuquerque Police did not respond for over two hours to a 911 call on December 11, 2020, regarding a robbery that occurred in the parking lot of the Tru by Hilton Hotel. (*See* Doc. 1 at 3–4.)[1] Plaintiff claims that he "lost a passport, cash[,] a [R]olex watch, gold from Dubai, [and] a Mac computer with over 3500 photographic memories." (*Id.* at 3.) He alleges that Tru by Hilton[2] knew of the dangers associated with its premises, and that the City of Albuquerque is "hampered by the lack of public services." (*Id.* at 6–7.)

Plaintiff further asserts that a part owner of Tru by Hilton attributed responsibility on the City of Albuquerque, subsequently settled with Plaintiff, and that Plaintiff now "seeks justice" from the City, questioning how such events could occur in a city the size of Albuquerque. (*See id.* at 3.) He alleges that Defendant Justin Robbs is a licensed attorney and used nefarious tactics when he represented Tru by Hilton. (*Id.* ¶ 2.) Plaintiff further alleges that the County of Bernalillo Second Judicial District Court deprived him of critical video evidence and dismissed with prejudice his spoliation claim, which he contends prevented him from effectively prosecuting his claims. (*See id.* at ¶ 4.)

After Plaintiff filed his case, the Court entered an Order to Show Cause directing him to explain why the Court should not dismiss the case and to file an amended complaint. (Doc. 4.) The

---

[1] The Court will use the CM/ECF pagination rather than the internal document's page number.

[2] Tru by Hilton is not a Defendant in this case.

Court noted numerous issues with Plaintiff's Complaint, including: (1) a potential lack of jurisdiction over the Second Judicial District Court due to Eleventh Amendment immunity; (2) that *Younger* abstention and the *Rooker-Feldman* doctrine may apply because there may be proceedings in state court; (3) statute of limitations issues regarding Plaintiff's § 1983 claims; (4) lack of allegations of a policy or custom by the City of Albuquerque; (5) lack of allegations that Defendant Robbs was a state actor; (6) failure to state a claim under criminal statutes; and (7) failure to state a claim for the conspiracy, fraud, and intentional infliction of emotional distress claims. (*Id.*)

On July 7, 2025, Judge Johnson dismissed the claims brought against the Second Judicial District Court for lack of jurisdiction. (Doc. 11.) On that same day, Defendant City filed a Motion to Dismiss. (Doc. 12.) The next day, Defendant Robbs filed a Motion for Extension of Time requesting a fifteen-day extension to file a responsive pleading to Plaintiff's Complaint and noting that the Court had not yet ruled on the Court's Order to Show Cause. (Doc. 15.) The undersigned granted Defendant Robbs's request for an extension of time but also quashed the Order to Show Cause because Judge Johnson had dismissed the Second Judicial District Court, and the remaining Defendants (the City and Robbs) had both entered appearances in the case. (Doc. 16.) Robbs subsequently filed his own Motion to Dismiss. (Doc. 17.) Both the City's and Robbs's motions to dismiss are now pending.

## II.     Legal Standard

### A. Rule 12(b)(6)

"To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Murphy v. United States*, Civ. No. 20-557 GBW/SMV, 2020 WL 6939716, at *4 (D.N.M.

3

Nov. 25, 2020) (quoting *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011)) (quotation marks omitted). To state a plausible claim, a complaint does not need detailed factual allegations but requires more than a recitation of the elements of the claim or mere conclusory statements. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When determining whether a claim is plausible, a court must assume the facts in the complaint are true and draw all reasonable inferences in the plaintiff's favor, but it does not need to accept legal conclusions. *See Leverington*, 643 F.3d at 723; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Indeed, a complaint may survive a Rule 12(b)(6) motion to dismiss even if it is unlikely a plaintiff will be able to prove the facts she alleges. *See Murphy*, 2020 WL 6939716, at *4. In other words, all a complaint must do is include allegations that, assuming they are true, make the claim for relief more than merely speculative, even if it is ultimately unlikely they can be proven to be true. *See Twombly*, 550 U.S. at 556.

### B. Pro Se Litigant's Pleadings

A pro se litigant's pleadings are broadly construed and "held to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The Court, however, cannot assume the role of advocate for the pro se litigant. *Id.* "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* (citations omitted). "The Court may not assume that a pro se litigant can prove facts that have not been alleged, or that a defendant has violated laws in ways that the pro se litigant has not alleged." *Amaya v. Bregman*, 149 F. Supp. 3d 1312, 1317 (D.N.M. 2015) (citing *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459

4

U.S. 519, 526 (1983)).

### III.     The Court recommends granting Defendant City of Albuquerque's motion.

Defendant City moves to dismiss Plaintiff's Complaint arguing that (1) Plaintiff's § 1983 claim is barred by the statute of limitations; (2) Plaintiff fails to articulate a municipal liability claim under § 1983; (3) Plaintiff's claims pursuant to 18 U.S.C. §§ 1510–1511 do not provide for a civil cause of action; and (4) Plaintiff's tort claims (conspiracy, fraud, and intentional infliction of emotional distress) are barred by the statute of limitations and fail to state a claim. Plaintiff filed a response but primarily fails to address the City's arguments.[3] The Court will address each of Plaintiff's purported claims.

#### A. Plaintiff's § 1983 Claim

Plaintiff's § 1983 claim against the City is based on the City's alleged delayed response to a 911 call regarding a robbery outside the hotel in which Plaintiff was staying on December 11, 2020. The statute of limitations for Plaintiff's § 1983 claim is three years. *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims"). Here, the events occurred on December 11, 2020, and the statute of limitations expired on December 11, 2023. Because Plaintiff did not file his Complaint until June 2, 2025—approximately one and a half years after the limitations period expired—his § 1983 claim is barred by the statute of limitations.

In Plaintiff's response, he contends that he was not aware of the shortcomings of the 911 system until recently, and that there are still facts to be discovered. (*See* Doc. 18 at 2.) However,

---

[3] Plaintiff primarily argues that the City's motion is premature and that the 911 system in Grants, New Mexico, is better than Albuquerque's system. (*See* Doc. 18 at 1–2.)

"federal law controls issues related to when federal causes of action accrue." *Alexander v. Okla.*, 382 F.3d 1206, 1215 (10th Cir. 2004) (citation omitted). Generally, "claims accrue and 'the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.'" *Id.* (quoting *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994)). In this case, Plaintiff alleges that the City failed to respond to a robbery report on December 11, 2020 for over two hours. The 911 delay and the robbery of Plaintiff's belongings were both known to him on that date. Thus, the cause of action accrued on December 11, 2020, and the three-year statute of limitations bars his § 1983 claim.

Furthermore, Plaintiff fails to allege liability on behalf of the City. "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes Cnty.*, 595 F. App'x 748, 753–54 (10th Cir. 2014) (quoting *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir. 1998); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). "A 'single isolated incident' does not prove the existence of an unconstitutional policy or custom." *Id.* (quoting *City of Okla. City v. Tuttle*, 471 U.S. 808, 821 (1985)). Here, Plaintiff does not identify constitutional violations by the City of Albuquerque Police, nor does he allege a City of Albuquerque policy or custom that was the moving force behind any alleged constitutional deprivations. Thus, Plaintiff also fails to state a claim for liability on behalf of the City.

In sum, Plaintiff's § 1983 claim is time-barred by the statute of limitations, and he also fails to state a claim. Thus, the Court recommends dismissal of this claim.

### B. Plaintiff's Claims under 18 U.S.C. §§ 1510–1511

Plaintiff asserts a claim for obstruction of a criminal investigation, pursuant to 18 U.S.C. § 1510, and obstruction of state or local law enforcement, pursuant to 18 U.S.C. § 1511. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x 414, 415–16 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Because Plaintiff cannot bring a cause of action based on these statutes, the Court recommends dismissal of these claims.

### C. Plaintiff's Claims for Conspiracy, Fraud, and Intentional Infliction of Emotional Distress

The Court previously construed Plaintiff's Complaint to set forth state law claims of conspiracy, fraud, and intentional infliction of emotional distress. The City seeks dismissal of these claims arguing that (1) his tort claims are barred by the statute of limitations in the New Mexico Tort Claims Act (NMTCA); (2) Plaintiff fails to state a claim for fraud, conspiracy, or emotional distress; (3) Plaintiff fails to allege that the City's immunity from suit has been waived; and (4) Plaintiff fails to allege that he complied with the notice requirements of the NMTCA.

As to these tort claims, Plaintiff affirmatively states in his response to the City's motion to dismiss that "there are no state tort claims whatsoever," and "[s]tate claims don't exist." (Doc. 18 at 2.) Plaintiff proceeds pro se, and the Court cannot assume the role of advocate for him. *See Hall*, 935 F.2d at 1110. Because Plaintiff affirmatively disavows any state law claims, he fails to state a claim for conspiracy, fraud, and intentional infliction of emotional distress.

Nevertheless, the Court will briefly address the City's first argument—that Plaintiff's state tort claims are barred by the statute of limitations. Under the NMTCA, "[a]ctions against a

7

governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss . . . ." N.M.S.A. 1978 § 41-4-15(A). As noted above, the incident—and basis for Plaintiff's claims—occurred on December 11, 2020. Thus, the statute of limitations for Plaintiff's tort claims expired on December 11, 2022, and Plaintiff filed this lawsuit after the statute of limitations expired. Accordingly, the Court recommends dismissal of these claims.

### D. Amendment of the Complaint

In the Court's previous Order to Show Cause, it identified potential pleading deficiencies and ordered Plaintiff to show cause why the case should not be dismissed and file an amended complaint. (*See* Doc. 4 at 8–9.) Plaintiff did not file an amended complaint, and the Court subsequently quashed the Order to Show Cause due to Defendants' appearances in the case. (Doc. 16.) In response to the City's motion to dismiss, Plaintiff affirmatively states that he "chooses" not to file an amended complaint. (*See* Doc. 18 at 2.) Thus, Plaintiff cannot cure his pleading deficiencies. Accordingly, the Court recommends granting Defendant City of Albuquerque's motion to dismiss and dismissing Plaintiff's claims against the City of Albuquerque.

### IV.   The Court recommends granting Defendant Justin Robbs's motion.

Defendant Robbs moves to dismiss Plaintiff's Complaint asserting that (1) the *Younger* abstention doctrine governs, and the Court should refuse to entertain Plaintiff's claims; (2) pursuant to the *Rooker-Feldman* doctrine, the Court should not revisit the district court's dismissal; (3) Plaintiff fails to plead a due process violation; (4) Plaintiff fails to state a § 1983 claim against Robbs because he is not a state actor; (5) Plaintiff's claims pursuant to 18 U.S.C. §§ 1510–1511 do not provide for a civil cause of action; (6) Plaintiff's fraud claim fails to meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b); and (7) Plaintiff fails to state a claim

8

for conspiracy and intentional infliction of emotional distress. (*See* Doc. 17.) Plaintiff did not respond to Robbs's motion, and the time to do so has expired. Under the Local Rules, Plaintiff's failure "to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). As will be explained below, after considering the motion and the relevant law, the Court recommends granting Robbs's motion to dismiss for failure to state a claim.

### A. *Younger* Abstention and *Rooker-Feldman* Doctrine

A brief procedural background is necessary. In the Court's previous Order to Show Cause, it stated that it appeared that the Court may lack jurisdiction over this case pursuant to *Younger* abstention and/or the *Rooker-Feldman* doctrine due to proceedings in state court. (*See* Doc. 4 at 3–4.) In the Order, the Court instructed Plaintiff to identify each state court case involving the facts of this case, including the case number, and indicate whether each proceeding was ongoing. (*Id.* at 4.) In Plaintiff's responses to the Order, he did not identify any state court cases. (*See* Docs. 5; 7; and 9.) The Court subsequently quashed the Show Cause order after Judge Johnson dismissed the Second Judicial District Court as a defendant, and both the City and Robbs entered their appearances in the case. (Doc. 16.) Defendant Robbs now moves to dismiss Plaintiff's claims, arguing that the Court lacks jurisdiction due to the *Younger* abstention doctrine and the *Rooker-Feldman* doctrine. (Doc. 17 at 4–7.)

#### 1. *Younger* Abstention

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a*

9

*Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state . . . civil . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted).

When addressing the *Younger* abstention doctrine, Defendant Robbs does not provide nor discuss a specific state court case.[4] Instead, Robbs generally discusses that Plaintiff's claims were proper in state court. In addition, Robbs states that the state proceeding involving Plaintiff's claims was fully adjudicated. The *Younger* abstention doctrine requires an *ongoing* state proceeding. *See ETP Rio Rancho Park, LLC v. Grisham*, 564 F. Supp. 3d 1023, 1070–71 (D.N.M. 2021) (citing *Hunter v. Hirsig*, 660 F. App'x 711, 714–15 (10th Cir. 2016)). If Plaintiff's claims were fully adjudicated, a state court proceeding is not ongoing. Accordingly, based on the facts before the Court, the *Younger* abstention doctrine is not an applicable basis for which to abstain exercising jurisdiction.

### 2. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine prevents federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

---

[4] Robbs discusses one state court case and references another state court case when discussing the *Rooker-Feldman* doctrine. (Doc. 17 at 6–7.)

"Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). "The *Rooker-Feldman* doctrine 'prohibits a lower federal court [both] from considering claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment.'" *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006) (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002)). Four factors to consider under the *Rooker-Feldman* doctrine include whether "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment." *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023) (citing *Exxon Mobil Corp.*, 544 U.S. at 284). If all four factors are satisfied, the Court lacks subject matter jurisdiction. *Id.* (citation omitted).

In an underlying state case, Robbs represented two of the three defendants of whom Plaintiff brought suit.[5] The state court judge dismissed Plaintiff's claims of negligent security, bad faith, and spoliation against Hanuman Corporation and Samir V. Patel for failure to state a claim on February 14, 2024.[6] Robbs contends that the Court should decline to revisit the state court's legally sound dismissal, and argues that "there is no injury to Plaintiff based on the spoliation claim." (Doc. 17 at 6.)

---

[5] D-202-CV-2023-0650 in the Second Judicial District for Bernalillo County in New Mexico.

[6] Neither of these Defendants are parties to this case. In addition, Hilton Worldwide Holdings, Inc. was also dismissed on a joinder motion. Robbs asserts that another New Mexico Court dismissed Plaintiff's spoliation claims in a separate case. D-202-CV-2024-02900.

Robbs does not address several of the *Rooker-Feldman* factors. Specifically, there is no discussion as to whether Plaintiff alleges in his current Complaint that the state court judgment caused Plaintiff's injuries or whether Plaintiff seeks to set aside the judgment. And, in fact, Plaintiff's Complaint is not very clear because his allegations are vague. Although Plaintiff alleges that the dismissal of spoliation charges "was a bad idea and contrary to law," (Doc. 1 at 3), Plaintiff does not explicitly seek to set aside the judgment. Moreover, although Plaintiff alleges that Robbs deprived him of evidence, it is unclear from Plaintiff's Complaint that he alleges that the state court judgment caused his injuries.

The *Rooker-Feldman* doctrine is narrow in scope and does not "bar a claim that does not seek to modify or set aside a state court judgment." *Bruce*, 57 F.4th at 746 (citation omitted). In addition, "*Rooker-Feldman* does not bar a federal court claim merely because it seeks relief inconsistent with a state court judgment." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 515 (10th Cir. 2023). In this case, Plaintiff's allegations are less than clear, but it does not appear that the *Rooker-Feldman* doctrine is applicable. Thus, the Court will address Robbs's alternative argument that Plaintiff fails to state a claim.

### B. Plaintiff's § 1983 Claim

Plaintiff's § 1983 claim against Robbs is based on Robbs's alleged violation of Plaintiff's Fifth and Fourteenth Amendment rights to due process. Robbs argues that Plaintiff's § 1983 claim against him fails because Plaintiff fails to allege that Robbs is a state actor. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *DiCesare v. McAnally*, 657 F. App'x 800, 802

12

(10th Cir. 2016) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). "[P]rivate conduct, 'no matter how discriminatory or wrongful,' may not be redressed by a § 1983 claim." *Read v. Klein*, 1 F. App'x 866, 870 (10th Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

To hold a private actor accountable as a state actor for constitutional deprivations, there are four tests to consider: (1) the nexus test; (2) the public function test; (3) the joint action test; and (4) the symbiotic relationship test. *Wittner v. Banner Health*, 720 F.3d 770, 775 (10th Cir. 2013). The nexus test requires the state to exercise "sufficient 'coercive power' over the challenged action." *Id.* (quoting *Brentwood Acad. v. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296)). "The 'public function' test asks whether the challenged action is a traditional and exclusive function of the state." *Id.* at 776–77 (citing *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 157–58 (1978)). The joint action test considers "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Id.* at 777 (quoting *Gallagher v. "Neil Young Freedom Concert,"* 49 F.3d 1442, 1453 (10th Cir. 1995)). Finally, the symbiotic relationship test questions whether the state "'has so far insinuated itself into a position of interdependence' with a private party that 'it must be recognized as a joint participant in the challenged activity.'" *Id.* at 777–78 (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961)).

Plaintiff's Complaint contains no allegations that Robbs is a state actor. Nor are there any allegations that could reasonably raise the inference that state action could be imputed on Robbs. Indeed, Plaintiff simply contends that Robbs is an attorney who represented a corporation (a hotel) in a state proceeding. Generally, "private parties to litigation and their lawyers are not state actors." *Read*, 1 F. App'x at 871 (citations omitted); *see also Barnard v. Young*, 720 F.2d 1188, 1189 (10th

13

Cir. 1983) (noting that "the vast weight of authority [demonstrates] that private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983"). Accordingly, Plaintiff fails to allege that Robbs is a state actor, and thus he fails to state a § 1983 claim against Robbs.

### C. Plaintiff's Claims under 18 U.S.C. §§ 1510–1511

As noted above, Plaintiff asserts a claim for obstruction of a criminal investigation, pursuant to 18 U.S.C. § 1510, and obstruction of state or local law enforcement, pursuant to 18 U.S.C. § 1511. Because these criminal statutes do not allow for a private civil cause of action, *Rockefeller*, 69 F. App'x at 415–16, the Court recommends dismissal of these claims against Robbs.

### D. Plaintiff's Claims for Conspiracy, Fraud, and Intentional Infliction of Emotional Distress

Robbs seeks dismissal of these three claims for failure to state a claim. As noted above, Plaintiff did not file a response to Robbs's motion to dismiss. He did, however, file a response to the City's motion to dismiss where he affirmatively disavowed any state law claims. Nevertheless, the Court will briefly address why these claims also fail.

#### 1. Fraud

Robbs argues that Plaintiff's fraud claim fails because he does not plead it with particularity. Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The purpose of this rule is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based . . . ." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010) (citation omitted). "At a minimum, Rule 9(b) requires that a plaintiff

14

set forth the 'who, what, when, where and how' of the alleged fraud, . . . and must 'set forth the time [and date], place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006) (citations omitted).

Here, Plaintiff does not meet this pleading standard as his Complaint is devoid of facts setting forth the "who, what, when, where, and how." Plaintiff fails to allege any facts as to the time, date, place, and content of the representations. Accordingly, Plaintiff fails to state a fraud claim.

### 2. Conspiracy

Next, Robbs contends that Plaintiff's conspiracy claim fails as a matter of law. To state a claim for civil conspiracy, Plaintiff must allege: "(1) that a conspiracy between two or more individuals existed[,] (2) that specific wrongful acts were carried out by [Defendants] pursuant to the conspiracy[,] and (3) that [Plaintiff was] damaged as a result of such acts." *Cain v. Champion Window Co. of Albuquerque, LLC*, 164 P.3d 90, 98 (N.M. Ct. App. 2007) (citation omitted); *see also Santa Fe Techs., Inc. v. Argus Networks, Inc.*, 42 P.3d 1221, 1235 (N.M. Ct. App. 2001) ("Civil conspiracy is an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means.").

Here, the Complaint does not allege any facts showing that there was an agreement to accomplish any unlawful purpose. (*See* Doc. 1.) "[A] plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants" because "'[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.'" *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (quoting *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994)). Because Plaintiff fails to allege any facts to support a claim for conspiracy, this claim also fails.

### 3. Intentional Infliction of Emotional Distress

Finally, Plaintiff lists "emotional duress" as a claim, which the Court construes as asserting a claim for intentional infliction of emotional distress (IIED). Robbs argues that this claim fails because Plaintiff does not identify which defendant is he asserting the claim against and does not identify any conduct supporting such a claim. (*See* Doc. 17 at 13–14.) There are four elements of an IIED claim: "(1) the conduct in question was extreme and outrageous; (2) the conduct of the defendant was intentional or in reckless disregard of the plaintiff; (3) the plaintiff's mental distress was extreme and severe; and (4) there is a causal connection between the defendant's conduct and the claimant's mental distress." *Baldonado v. El Paso Nat. Gas Co.*, 176 P.3d 286, 294 (N.M. Ct. App. 2008) (citation omitted).

Here, Plaintiff does not identify which Defendant he asserts an IIED claim against nor any conduct that supports such a claim. In addition, he fails to identify any extreme or several mental distress. Accordingly, Plaintiff fails to state an IIED claim.

### E. Amendment of Complaint

Plaintiff did not respond to Robbs's motion to dismiss, but he did respond to the City's motion to dismiss. As noted above, in that response, he affirmatively states that he will not file an amended complaint. (*See* Doc. 18 at 2.) Thus, Plaintiff cannot cure his pleading deficiencies. Accordingly, the Court recommends granting Defendant Robbs's motion to dismiss.

## V.   Conclusion and Recommendation

The undersigned finds that Plaintiff's claims against the City of Albuquerque are barred by the statute of limitations or otherwise fail to state a claim. Thus, the Court recommends granting the City's Motion to Dismiss. In addition, the undersigned finds that Plaintiff fails to state a claim

against Robbs. Thus, the Court recommends granting Robbs's Motion to Dismiss.

**IT IS HEREBY RECOMMENDED** that Defendant City of Albuquerque's Motion to Dismiss (Doc. 12) be **granted**, and Defendant Justin Robbs's Motion to Dismiss (Doc. 17) be **granted**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE